91 F.3d 148
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Barbara Jean SEALS, Appellant,
v.
DIVISION OF YOUTH SERVICES, STATE OF MISSOURI; Marci
Barren, Facility Manager, Appellees.
 No. 95-2615.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 5, 1996
Filed: July 9, 1996
 
 Appeal from the United States District Court for the Eastern District of Missouri
 E.D.Mo.
 AFFIRMED.
 Before McMILLIAN, WOLLMAN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Barbara Jean Seals appeals from the district court's[1] grant of summary judgment to the Division of Youth Services (DYS) in her ADEA action. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Seals alleged DYS discriminated against her on the basis of age by terminating her employment as an aftercare youth counselor. DYS moved for summary judgment and provided evidence Seals was discharged for legitimate, non-discriminatory reasons: she failed to maintain periodic contact with the families assigned to her, she could not account for certain mileage on her state car, and she forged her supervisor's signature on several reports. The district court granted DYS summary judgment, concluding Seals had submitted no evidence indicating a genuine, material, factual dispute as to the reasons for her discharge.
 
 
 3
 This court reviews de novo the district court's grant of summary judgment to determine whether the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. See Davenport v. Riverview Gardens School Dist., 30 F.3d 940, 944 (8th Cir.1994). Assuming arguendo Seals established a prima facie case, her statements and submissions neither rebut defendants' evidence of her inadequate performance, nor offer evidence that DYS's articulated reasons for her termination--failing to maintain client contact, unaccounted for mileage on a state car, and forging supervisor signatures--were a pretext for intentional discrimination. See Hutson v. McDonnell Douglas Corp., 63 F.3d 771, 776-77 (8th Cir.1995).
 
 
 4
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 91 F.3d 148, Ware v. Department of Corrections, (C.A.8 (Iowa) 1996)91 F.3d 148
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
 Albert W. WARE, Appellant,
 v.
 DEPARTMENT OF CORRECTIONS, Appellee.
 No. 95-3820.
 United States Court of Appeals, Eighth Circuit.
 Submitted May 16, 1996.
 Filed July 10, 1996.
 Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 Albert Wayne Ware, an inmate of the Union Correctional Institution in Ralford, Florida, held under authority of the Iowa Department of Corrections, appeals from a final judgment entered in the United States District Court[1] for the Southern District of Iowa denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Ware v. Iowa Dept. of Corrections, No. 4-93-70771 (S.D.Iowa Oct. 6, 1995) (order adopting report and recommendation). For reversal, Ware argues the district court erred in (1) denying his due process claim that the state had suppressed exculpatory evidence; (2) denying his due process claim that the state had knowingly offered perjured testimony; (3) denying his due process claim of bias by the trial judge; (4) holding that the trial court had not erred in denying his motion for a continuance; (5) denying his ineffective assistance of counsel claim; and (6) holding that he was procedurally barred from challenging on federal habeas review an alleged ex post facto violation by the Iowa Supreme Court, the admissibility of the testimony of his alleged common-law wife at trial, and the denial of his motions for a severed trial and a change of venue.
 After careful review of the briefs of the parties and the record on appeal, we conclude that the decision of the district court is correct and that an extended opinion by this court would add nothing of substantial value to the thorough opinions already written by the magistrate judge and the district court. Accordingly, the judgment of the district court is affirmed. See 8th Cir. R. 47B.
 
 
 [1]
 The Honorable Harold D. Vietor, District Judge, United States District Court for the Southern District of Iowa, adopting the report and recommendation of the Honorable Celeste F. Bremer, Chief Magistrate Judge, United States District Court for the Southern District of Iowa